## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Sassan Haghighi et al.

v.

Renate M. Sager

March 28, 1990

By JUDGE WILLIAM H. LEDBETTER, JR.

This case is before the court again for enforcement of its final decree of June 5, 1989. The parties dispute the amount of credits claimed by the Haghighis against the purchase price due Sager.

For the reasons explained in an opinion letter dated May 2, 1989,[1] the court confirmed the report of the commissioner in chancery by final decree of June 5, 1989, and compelled specific performance of the option provisions of a lease between the parties. The decree directed Sager to convey the property to the Haghighis within twenty-one days. The decree also assessed the commissioner's fee, costs of the court reporter, and "other allowable court costs" against Sager.

Sager appealed. A writ of supersedeas to the decree of June 5, 1989, was issued by the Supreme Court of Virginia on September 21, 1989. In accordance with that writ, Sager posted a suspending bond in the penalty of $1,000.00.

On January 8, 1990, the Supreme Court of Virginia, finding no reversible error, denied the appeal. On March 2, 1990, that court denied a petition for rehearing.

Thereafter, the Haghighis moved this court to require Sager to show cause why she should not convey the property consistent with the decree of June 5, 1989. A show cause was issued. The parties appeared by counsel on March 19,

---

[1] Reported at 15 Va. Cir. 90, 97. [Reporter's Note]

1990, and requested leave to file memoranda in support of their respective positions regarding credits claimed by the Haghighis. The parties filed memoranda. This opinion addresses those issues.

### 1. Court costs

As noted above, the final decree assessed court costs against Sager. These costs specifically included the commissioner's fee ($750.00), the costs of the court reporter ($886.40), and other similar costs ($92.00). The decree provided that these costs "shall be deducted from the cash due from the plaintiffs at settlement hereunder." Therefore, the costs enumerated above will be deducted from the purchase price and paid to those entitled to receive them.

In addition, the Haghighis seek a credit of $7,517.15 for "attorney's fees." This matter apparently is raised for the first time in this post-judgment motion.

The lease, of which the option is a part, does not contain a provision for payment of attorney's fees by a defaulting party. It is axiomatic that in Virginia attorney's fees are not recoverable in cases of this nature unless provided in the agreement between the parties. Attorney's fees are not "court costs." Furthermore, and most important, if not dispositive, the final decree did not provide for attorney's fees. Therefore, the Haghighis are not entitled to a credit for sums paid by them to their attorney in this case.

### 2. Deposit

Sager concedes that the Haghighis are entitled to return of the security deposit, $3,500.00, paid under paragraph 7 of the lease. This is an appropriate credit against the purchase price.

### 3. Damages

The Haghighis claim that they have been damaged in the amount of $9,818.51 on account of Sager's failure to convey the property when the Haghighis exercised their option to purchase on December 4, 1987. They calculate

these damages by asserting that they would have paid out $3,122.37 per month had they owned the property (note payments, insurance, and taxes) which is $377.65 per month less than the $3,500.00 per month they paid to Sager as rent during the pendency of this case. Then they multiply $377.65 by 26 months and arrive at their claimed damages.

This claim for damages comes too late. The final decree did not provide for damages. More than nine months after that decree, the Haghighis cannot now ask the court for an award of damages except for any damages that are caused by the appeal and suspension of this court's final decree. Further, none of the items claimed as damages is supported by any evidence which formed the basis of the commissioner's recommendations or the court's holdings in the case.

In any event, as correctly analyzed by Sager's memorandum, any damages incurred *pending appeal* (i.e., between twenty-one days after June 5, 1989, and March 2, 1990) are de minimis and unsubstantiated.

Finding no evidence of damages incurred by the Haghighis pending the appeal, none will be awarded.

### 4. *Rent*

The Haghighis have continued to pay rent in the amount of $3,500.00 during the pendency of this litigation. They paid the sum of $3,500.00 on March 23, 1990, which they say is "rent due . . . for the ensuing month." That rent payment, according to the Haghighis' memorandum, is being held by Sager's attorney pending this court's rulings on these matters.

Assuming that the rent payment made by the Haghighis on March 23, 1990, is for the month of April 1990, they are entitled to a credit for that amount. The Supreme Court of Virginia denied Sager's petition for a rehearing on March 2, 1990. At that point, this court's decision of June 5, 1989, became operative, and Sager was obligated by the terms of that decree to convey the property within twenty-one days. She has not done so, nor has she sought the protection of this court against improper credits claimed by the Haghighis. Instead, the Haghighis brought the matter on for rulings by way of a motion for a show cause order. Sager is not entitled to the April rent.

## 5. *Excess taxes*

Sager claims that she is entitled to a setoff for the amount of real estate taxes which exceeded $1,185.10 pursuant to Section 6 of the lease. She is correct. The Haghighis have recognized their obligation to pay rent during this litigation by doing so. Their rent obligation also includes payment of the excess taxes. This is not an item of damage to the Haghighis; simply put, if they had owned the property, they would have been obligated to pay these real estate taxes.

## 6. *Purchase money note*

The Haghighis point out that the purchase money note to Sager is to be unsecured. This matter was discussed fully in the court's opinion letter of May 2, 1989, and need not be revisited here.

## 7. *Special commissioner*

An order must be prepared and presented appointing Mrs. Willis special commissioner to convey the interests of any parties who cannot or will not execute a good and sufficient deed forthwith.